UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD MAKI,

    Plaintiff,

v.                                Case No.: 8:18-cv-251-T-33AAS

NEPTUNE CONSTRUCTION GROUP,
INC., a Florida corporation,
and CATHERINE MESSANA,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendants Neptune Construction Group, Inc., and Catherine Messana's Motion to Dismiss First Amended Complaint for Improper Venue or, in the Alternative, to Transfer Venue (Doc. # 29), filed on April 27, 2018. Plaintiff Todd Maki responded on May 21, 2018. (Doc. # 41). For the reasons that follow, the Motion is denied.

**I.   Background**

Maki initiated this action on January 30, 2018, alleging violations of the overtime and retaliation provisions of the Fair Labor Standards Act (FLSA) against his former employer Neptune Construction, Neptune Construction's owner Raymond Orlando, and another Neptune Construction employee, Messana.

1

(Doc. # 1). Then, on April 13, 2018, Maki filed his Amended Complaint, asserting FLSA claims against only Neptune Construction and Messana. (Doc. # 24).

In the Amended Complaint, Maki alleges that he worked as an office helper for Neptune Construction — though he never mentions where this office was located — and was never paid overtime. (Id. at 4-8). When he demanded both overtime pay and liquidated damages, Orlando fired Maki. (Id. at 2, 8). Messana, Neptune Construction's Controller and Director of Human Resources, informed Maki that he had been terminated. (Id. at 2).

According to Maki, venue is proper in the Middle District of Florida because Neptune Construction's "principal place of business [is] in Pinellas County" and Neptune Construction "keeps an office for the transaction of its customary business in Pinellas County." (Id. at 2). The Complaint states that Messana is a "citizen of the State of Florida, and resides in Pinellas County, Florida." (Id. at 3). Additionally, Maki alleges "some of the acts that gave rise to Maki's claims occurred in Pinellas County, Florida (for example, he was informed that [Neptune Construction] terminated him from [its] Pinellas County office by [] Messana, its Controller)." (Id. at 2).

Neptune Construction and Messana filed their Motion to Dismiss First Amended Complaint for Improper Venue, or in the Alternative, to Transfer (Doc. # 29) on April 27, 2018. In support, they attach the declarations of Orlando, Messana, and another Neptune Construction employee, George Somers Reid. (Doc. # 29-1; Doc. # 29-2; Doc. # 29-3). Neptune Construction and Messana contend venue is improper in the Middle District of Florida because Maki worked for, and was fired from, Neptune Construction in Hawaii. Maki filed his response in opposition on May 21, 2018. (Doc. # 41). The Motion is now ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss an action for improper venue. "The district court of a district in which is filed a case lying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

"The FLSA does not contain an exclusive venue provision, so questions concerning whether a particular judicial district is appropriate for a lawsuit are governed by the general venue statute found at [28] U.S.C. § 1391." Wildstein

v. Cheyenne Holdings, Inc., No. 6:16-cv-336-Orl-41TBS, 2016 WL 7366892, at *3 (M.D. Fla. Aug. 9, 2016), report and recommendation adopted, No. 6:16-cv-336-Orl-41TBS, 2016 WL 7338516 (M.D. Fla. Dec. 19, 2016). Venue is proper if the district in which the suit was filed is:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

A natural person resides "in the judicial district in which that person is domiciled." § 1391(c)(1). A corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

"The court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper." Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268

4

(S.D. Fla. 2004); see also Webster v. Royal Caribbean Cruises, Ltd., 124 F. Supp. 2d 1317, 1320 (S.D. Fla. 2000)("[T]he court may consider matters outside the pleadings, and often must do so, since without aid of such outside materials the court would be unable to discern the actual basis, in fact, of a party's challenge to the bare allegation in the complaint that venue is proper in this court.").

"Trial courts generally have broad discretion in evaluating venue arguments and determining whether to transfer or dismiss the case." Scar Heal, Inc. v. JJR Media, Inc., No. 8:14-cv-733-T-33AEP, 2014 WL 3586500, at *2 (M.D. Fla. July 8, 2014)(quoting LaFerney v. Citizens Bank of E. Tenn., No. CV 210-169, 2011 WL 4625956, at *1 (S.D. Ga. Sept. 30, 2011)).

### III. Analysis

Neptune Construction and Messana argue that venue is improper in the Middle District of Florida under § 1391. They argue that venue would be proper in the District of Hawaii, and the case should either be dismissed without prejudice or transferred to Hawaii. (Doc. # 29 at 4-8). According to Neptune Construction and Messana, venue is not proper in this district under § 1391(b)(2) because a "substantial part of the events" giving rise to Maki's claims did not occur in

5

this district. (Id. at 4). They emphasize that Maki's claim arose in Hawaii where he was employed.

The problem with this argument is that venue is proper in the Middle District of Florida under § 1391(b)(1) because all Defendants reside in Florida. True, Neptune Construction and Messana argue that Florida is not Neptune Construction's principal place of business. (Id.). But neither Neptune Construction nor Messana challenge that they are residents of Florida. They admit Neptune Construction maintains an office — however small it may be — in Pinellas County, Florida, and that Messana works from that office. (Id.; Doc. # 29-2).

Maki need not show that venue is proper in this district under every subsection of § 1391. The fact that venue may have been proper in the District of Hawaii under § 1391(b)(2) does not render venue improper in this district. See Crum & Forster Specialty Ins. Co. v. Ard Contracting, Inc., No. CV 16-0185-WS-M, 2016 WL 4275753, at *3 (S.D. Ala. Aug. 12, 2016)("[D]efendant derives no traction from its invitation in the reply to 'discuss, consider, and even dismiss based upon arguments as to which of two potentially proper venue locations is more directly related to the claims giving rise to the litigation, where the events have taken place, or where a substantial part of the events are to be considered.' Once

6

again, this matter comes before the Court on a Rule 12(b)(3) motion to dismiss this case based on improper venue. As such, the touchstone of [Defendant's] Motion is and must be that venue is not proper in this District Court. . . . If, as [Defendant] now appears to be conceding, venue is actually proper in the Southern District of Alabama by operation of 28 U.S.C. § 1391(b)(1), then the Rule 12(b)(3) Motion is due to be denied.").

Neptune Construction and Messana have only moved to dismiss or transfer under Rule 12(b)(3) and § 1406(a) on the grounds that venue is improper. They have not moved for transfer under § 1404 under the theory that the District of Hawaii would be a more convenient forum. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). Therefore, because venue is proper under § 1391(b)(1), the Court denies Neptune Construction and Messana's Motion. The case will not be dismissed or transferred. Neptune Construction and Messana are directed to file their Answer to the Amended Complaint by June 5, 2018.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Neptune Construction Group, Inc., and Catherine Messana's Motion to Dismiss First Amended Complaint for Improper Venue or, in the alternative, to Transfer Venue (Doc. # 29) is **DENIED.**

(2) Defendants are directed to file their Answer to the Amended Complaint by June 5, 2018.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of May, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8